**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **SONAN BUNKERS UK LIMITED** | § | **CIVIL ACTION NO. 2:26-cv-329** |
| | § | |
| **v.** | § | **JUDGE** _____ |
| | § | |
| **CAPRAMAR GEMI ISLETMECILIGI** | § | **MAGISTRATE JUDGE** _____ |
| **LTD. STI. AND BLUE OCEAN** | § | |
| **SHIPPING & CARRIERS CO.** | § | **ADMIRALTY** |

## COMPLAINT

NOW COMES, plaintiff, Sonan Bunkers UK LIMITED ("**Sonan Bunkers**"), through undersigned counsel, and files its Complaint against defendants, Capramar Gemi Isletmeciligi Ltd. Sti. a/k/a Capramar Ship Management ("**Capramar**") and Blue Ocean Shipping & Carriers Co. ("**Blue Ocean**"), for breach of maritime contract and damages, and upon information and belief, alleges and avers as follows:

### Jurisdiction and Venue

1.

This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and Federal Rule of Civil Procedure 9(h).

2.

As discussed in greater detail *infra*, this admiralty and maritime action arises out of the defendants' joint and several breach of maritime contracts evidenced by three Bunker Confirmations issued by Sonan Bunkers to Capramar for the delivery of bunkers (marine fuel) and other services to the M/V SIGMA. The Bunker Confirmations incorporated by reference Sonan Bunkers UK LIMITED Standard Terms and Conditions of Sale for the Supply of Marine Petroleum Products (Trading) effective 1 August 2021 (hereafter the "**GTCs**").  Article 27.4 of

the GTCs contained a Jurisdiction and Choice of Law provision, which stated in relevant part, as follows:

This Agreement is subject to, governed by, and to be construed in accordance with United States of America (the U.S.A.) general maritime law and U.S.A maritime statutes, including without limitation the US Federal Maritime Lien Act, without regard and excluding any choice of law rules that would apply the laws of any other jurisdiction. Each of the Parties hereby irrevocably submits to the exclusive jurisdiction of the federal courts of the United States of America and waives any objections to such forum based upon forum non conveniens or venue.

3.

This Court's exercise of jurisdiction over Capramar and Blue Ocean is proper. Venue of this admiralty and maritime claim in this Court is also proper.

**Parties**

4.

At all material times, Sonan Bunkers was and is a bunker supplier with its principal offices in London, England.

5.

At all material times, defendant, Capramar, was and is, upon information and belief, a limited company, with its head office at Soğanlık Yeni Mahalle Aliağa Sokak. No:8, Bumerang Kartal Rezidans K.23 D.121, Istanbul, Kartal 34862, Türkiye. Service of the Summons and this Complaint will be made on Capramar in accordance with the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters in accordance with the declaration and reservations of the Government of the Republic of Türkiye.

6.

At all material times, defendant, Blue Ocean, was and is, upon information and belief, a company with its head office in Spor Caddesi 84, Cavusoglu Mah, Kartal, 34873, Istanbul,

2

Türkiye.  Service of the Summons and this Complaint will be made on Blue Ocean in accordance with the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters in accordance with the declaration and reservations of the Government of the Republic of Türkiye.

**Unpaid Bunkers Supplied and Delivered to the SIGMA**

7.

Sonan Bunkers contracted to provide three separate stems of bunkers and related barging services to the SIGMA in Istanbul and Aliaga, Türkiye, which bunkers were ordered by Capramar.

8.

On July 18, 2025, Sonan Bunkers issued Bunker Confirmation No. 15968 for the delivery of 100 metric tons of low sulphur marine gas oil (lsmgo 1%) to the SIGMA in Istanbul on or about July 18, 2025.  Bunker Confirmation No. 15968 incorporated the GTCs by reference.

9.

On July 18, 2025, 100 metric tons of lsmgo 1% were delivered to the SIGMA in Istanbul. On July 21, 2025, Sonan Bunkers issued to Capramar Invoice No. SBTR17610 in the amount of US$ 87,600.00 reflecting the price of the bunkers and associated barge services, which invoice also incorporated by reference the GTCs.

10.

Despite amicable demand, defendants have not paid Sonan Bunkers the US$ 87,600.00 by the due date, which amount remains due and owing.

11.

On August 22, 2025, Sonan Bunkers issued Bunker Confirmation No. 16215 for the

3

delivery of 50 metric tons of low sulphur marine gas oil (lsmgo 1%) to the SIGMA in Aliaga on or about August 22, 2025.  Bunker Confirmation No. 16215 incorporated the GTCs by reference.

12.

On August 22, 2025, 50 metric tons of lsmgo 1% was delivered to the SIGMA in Aliaga. On August 27, 2025, Sonan Bunkers issued to Capramar Invoice No. SBTR17851 in the amount of US$ 49,000.00 reflecting the price of the bunkers and associated barge services, which invoice also incorporated by reference the GTCs.

13.

Despite amicable demand, defendants have not paid Sonan Bunkers the US$ 49,000.00 by the due date, which amount remains due and owing.

14.

On September 5, 2025, Sonan Bunkers issued Bunker Confirmation No. 16294 for the delivery of 85 metric tons of low sulphur marine gas oil (lsmgo 1%) to the SIGMA in Istanbul on or about September 6, 2025.  As discussed *supra*, Bunker Confirmation No. 16294 incorporated the GTCs by reference.

15.

On September 7, 2025, 85 metric tons of lsmgo 1% was delivered to the SIGMA in Istanbul.  On August 27, 2025, Sonan Bunkers issued to Capramar Invoice No. SBTR17932 in the amount of US$ 68,650.00 reflecting the price of the bunkers and associated barge services, which invoice also incorporated by reference the GTCs.

16.

Despite amicable demand, defendants have not paid Sonan Bunkers the US$ 68,650.00 by the due date, which amount remains due and owing.

**Relevant Provisions of the GTCs**

17.

Sonan Bunkers realleges and reavers Paragraphs 8, 9, 11, 12, 14 and 15 of this Complaint as if same were copied herein *in extenso*.

18.

Article 3 of the GTCs provides, in part, that "Buyer" means the party "described in the Confirmation Note together with any agent, principal, associate, manager, partner, servant, parent, subsidiary, owner or shareholder thereof."

19.

Article 3 of the GTCs also defines, in part, "Confirmation Note" to mean "the document stating the agreement made between the Seller and Buyer."

20.

Article 27.7 of the GTCs provides as follows: "The Seller is entitled to recover from the Buyer it's attorney's fees and expenses incurred to recovery any debt or amount due to the Seller under the Contract including recovery of Seller's attorney's fees and expenses in the event of prosecution of any claim for Buyer's breach of contract … or to pursue recovery of payment for Product supplied."

21.

Article 13 of the GTCs provided in relevant part, as follows:

(a)     Payment of the Price will be made in United States dollars to the bank and account specified by the Seller in full without deduction for any reason whatsoever including claims, counterclaims, or set-off, to ensure the Seller receives full payment in cleared funds on or before the Due Date.

(b)     Payment shall be in accordance with the Seller's Invoice which may be sent by facsimile, transmission, email, mail or courier. …

5

(c)    Late payment will incur a finance charge to the Buyer of 2% of the total outstanding amount per calendar month on any outstanding sum calculated on a daily basis from Due Date until receipt of the full payment by the Seller.

22.

Article 16 of the GTCs provided in relevant part, as follows:

16.1    Unless the party with whom the Seller is corresponding specifically declares to the Seller prior to issuing the Confirmation Note by the Seller that the party with whom the Seller is corresponding is not the Buyer and at the same time provides to the Seller the full name and address of the Buyer, then the party with whom the Seller is corresponding shall be deemed to be the Buyer.

16.2    In the event that the party with whom the Seller is corresponding is an agent of the Buyer then the party with whom the Seller is corresponding shall be jointly and severally liable with the Buyer to perform all of the Buyer's obligations under the Agreement, notwithstanding that the party with whom the Seller is corresponding purports to contract as a mere agent.

**Capramar's Liability to Sonan Bunkers**

23.

On earlier orders and deliveries of bunkers to or at the request of Capramar on other vessels, Capramar not only ordered those bunkers but also paid for those bunkers from its own funds and bank or other account.

24.

At no time during Capramar's order of bunkers for the SIGMA at issue did Capramar declare to Sonan Bunkers that Capramar was not the Buyer. More specifically, at no time did Capramar declare to Sonan Bunkers that Blue Ocean was the sole entity liable as Buyer in respect of the orders and deliveries of bunkers to the SIGMA in Istanbul and Aliaga. Capramar therefore did not reject or otherwise contest its liability as Buyer for the deliveries of bunkers set forth in Bunker Confirmation No. 15968, Bunker Confirmation No. 16215, and/or Bunker Confirmation No. 16294. Pursuant to Article 16.1 of the GTCs Capramar is the Buyer of the

6

three stems of bunkers referenced in this Complaint.

25.

Based on the foregoing Bunker Confirmations, Invoices and the GTCs issued by Sonan Bunkers to Capramar for the delivery of bunkers to the SIGMA in Istanbul and Aliaga, Capramar owes Sonan Bunkers a total of $205,250.00 in unpaid invoices, contractual interest in accordance with the GTCs, all attorneys' fees and costs, as well as post judgement interest to be determined and set by this Court, until paid in full.

**Blue Ocean's Liability to Sonan Bunkers**

26.

As discussed above, at no time did Capramar declare to Sonan Bunkers that Blue Ocean was the Buyer of the orders and deliveries of bunkers to the SIGMA in Istanbul and Aliaga, nor did Capramar provide Sonan Bunkers with the name of Blue Ocean or its address.

27.

Nevertheless, and in the alternative, should it be determined that Blue Ocean was a Buyer of the bunkers, then Blue Ocean also owes Sonan Bunkers a total of $205,250.00 in unpaid invoices, contractual interest in accordance with the GTCs, all attorneys' fees and costs, as well as post judgement interest to be determined and set by this Court, until paid in full.

28.

Accordingly, in the event Blue Ocean qualifies as a Buyer for the bunkers at issue as alleged in the alternative, then Blue Ocean and Capramar are jointly and severally liable to Sonan Bunkers for $205,250.00 in unpaid invoices, contractual interest in accordance with the GTCs, all attorneys' fees and costs, as well as post judgement interest to be determined and set by this Court.

**WHEREFORE**, plaintiff, Sonan Bunkers UK LIMITED, prays:

1. That this Complaint be deemed good and sufficient;

2. That process in due form of law, according to the rules and practices of this Honorable Court, issue against defendants, Capramar Gemi Isletmeciligi Ltd. Sti. a/k/a Capramar Ship Management and Blue Ocean Shipping & Carriers Co., and that within the legal delays that they be required to appear and to answer all and singular the matters aforesaid;

3. That after due proceedings are had, that there be judgment entered in favor of plaintiff, Sonan Bunkers UK LIMITED and against defendants, Capramar Gemi Isletmeciligi Ltd. Sti. a/k/a Capramar Ship Management and Blue Ocean Shipping & Carriers Co., jointly and severally, in the amount of $205,250 and all other damages as may be proven at trial, with contractual interest, attorney's fees, all costs of these proceedings, and post judgment interest; and

4. That this Court grant Sonan Bunkers UK LIMITED such other and further relief as may be just and proper.

Respectfully submitted:

*/s/ James D. Bercaw*
**JAMES D. BERCAW (#20492)**
**ROBERT J. STEFANI (#19248)**
**KING & JURGENS, L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana  70170
Telephone:  (504) 582-3800
Facsimile:  (504) 582-1233
Email: jbercaw@kingkrebs.com
rstefani@kingkrebs.com

***Attorneys for Sonan Bunkers UK LIMITED***

**PLEASE ISSUE A SUMMONS FOR DELIVERY IN ACCORDANCE WITH THE HAGUE CONVENTION FOR THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS:**

Capramar Gemi Isletmeciligi Ltd. Sti. a/k/a Capramar Ship Management
Soğanlık Yeni Mahalle Aliağa Sokak. No:8, Bumerang Kartal Rezidans K.23 D.121, Istanbul, Kartal 34862, Türkiye

and

Blue Ocean Shipping & Carriers Co.
Spor Caddesi 84,
Cavusoglu Mah, Kartal, 34873,
Istanbul, Türkiye

9